UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | PETER VESCIO; ET AL. v. FEDERATED DEPARTMENT STORES, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| PAUL SONGCO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Lars Johnson | Clifford Clancey |

Proceedings:   **DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIM AND THIRD-PARTY COMPLAINT** (filed 06/12/08)

## I.   INTRODUCTION

On September 28, 2007, plaintiffs Peter Vescio ("P. Vescio") and Jane Vescio ("J. Vescio") filed a complaint in the Los Angeles County Superior Court against defendants Federated Department Stores, Inc.; Federated Corporate Services, Inc.; Federated Logistics and Operations; and Does 1 through 100, inclusive.[1] Defendants timely removed the action to this Court on November 26, 2007, asserting diversity jurisdiction. The complaint alleges that on or about March 13, 2007, P. Vescio was injured on the premises of defendants' facility, located at 2103 Ernestine St., Houston, Texas, when he fell through a hole in a second-story catwalk that defendants designed and manufactured. Compl. ¶¶ 5, 7, 10, 22. P. Vescio alleges that the catwalk was defective and unsafe in manufacture and design and that these defects caused his injuries. Id. ¶¶ 7, 8, 10. P. Vescio alleges claims against defendants for (1) strict products liability, (2) strict premises liability, and (3) negligence. J. Vescio, P. Vescio's wife, alleges a claim for loss

---

[1] While the complaint names Federated Department Stores, Inc.; Federated Corporate Services, Inc; and Federated Logistics and Operations as parties defendant, these corporate entities are presently known as Macy's, Inc.; Macy's Corporate Services, Inc.; and Macy's Logistics and Corporate Services, Inc., a division of Macy's Corporate Services, Inc., respectively. Notice of Removal ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | PETER VESCIO; ET AL. v. FEDERATED DEPARTMENT STORES, INC.; ET AL. | | |

of consortium.

On June 12, 2008, defendants filed the instant motion for leave to file a countercomplaint, and a third-party complaint. Plaintiff P. Vescio filed his opposition thereto on June 30, 2008. Defendants filed their reply on July 7, 2008. A hearing was held on July 14, 2008. After carefully considering the parties' arguments, the Court finds and concludes as follows.

II. **LEGAL STANDARD**

A. **MOTION TO ADD A COUNTERCLAIM**

Federal Rule of Civil Procedure 13(f) provides as follows:

A court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires.

"Rule 13(f) is interpreted liberally in order to settle all claims in one action." Unispec Dev. Corp. v. Harwood K. Smith & Partners, 124 F.R.D. 211, 213 (D. Az. 1988). See also T.J. Stevenson & Co. v. 81,193 Bags of Flour, 629 F.2d 338, 370 (5th Cir. 1980). "In assessing what constitutes 'oversight, inadvertence or excusable neglect,' courts consider various factors, include good faith of the claimant; extent of the delay; . . . danger of prejudice to the opposing party"; and "'the futility of the proposed amendment.'" W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2007) § 8:281 (emphasis omitted).

Similar standards for amending pleadings are stated in Fed. R. Civ. P. 15(a), under which a party may make a motion for leave to amend its pleading if more than twenty days have passed since the date the initial pleading was served. Generally, courts adhere to the liberal amendment policy of Fed. R. Civ. P. 15(a) when deciding whether to grant leave to amend pursuant to Fed. R. Civ. P. 13(f). See Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda. 220 F.R.D. 614, 620 (C.D. Cal. 2003). The Ninth Circuit has stated that, "[a]lthough [Rule 15] should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." Jackson v. Bank of Haw.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | PETER VESCIO; ET AL. v. FEDERATED DEPARTMENT STORES, INC.; ET AL. | | |

902 F.2d 1385, 1387 (9th Cir. 1990).

Where leave to amend is required, the decision whether to grant such leave "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). Although "[s]ome courts have stressed prejudice to the opposing party as the key factor," Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991), still "'[u]ndue delay is a valid reason for denying leave to amend,'" id., quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted).

### B. MOTION TO FILE A THIRD-PARTY COMPLAINT

Federal Rule of Civil Procedure 14(a) provides in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. P. 14(a).

Unless the third party complaint is filed within ten days of filing its original answer, a third party plaintiff must obtain leave of court to file a third party complaint. Id. The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court. Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | PETER VESCIO; ET AL. v. FEDERATED DEPARTMENT STORES, INC.; ET AL. | | |

The purpose of Fed. R. Civ. P. 14 is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim. Southwest Administrators, 791 F.2d at 777 (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1442, at 202-03 (1971)). Courts routinely deny motions to implead third party defendants where authorizing impleader will delay or disadvantage the existing action, see, e.g., Southwest Administrators, 791 F.2d at 777, complicate and lengthen the trial by introducing extraneous questions, see id., cause prejudice or inconvenience to the existing parties and/or the third party defendants, see U.S. v. Acord, 209 F.2d 709, 714 (10th Cir. 1954), cert. denied, 347 U.S. 975, or where the defendant unreasonably delayed in seeking impleader without providing a valid excuse for the delay. Blais Constr. Co. v. Hanover Square Associates, 733 F. Supp. 149, 158 (N.D.N.Y. 1990).

## III.   DISCUSSION

Defendants seek leave to file a countercomplaint against P. Vescio, and a third-party complaint against Apparel Rack Systems, a business entity of unknown form, and John W. Perkins, believed to be P. Vescio's business partner, and Does 1-10 for (1) express indemnity; (2) implied indemnity; (3) apportionment of fault and contribution; (4) declaratory relief; and (5) breach of contract. These claims are predicated on a written contract executed by P. Vescio on behalf of Apparel Rack Systems, of which company P. Vescio is believed to be a part-owner (the "Equipment Sale Agreement").

On or about February 28, 2007, P. Vescio entered into the Equipment Sale Agreement on behalf of Apparel Rack Systems to purchase a trolley system from defendants. Pursuant to that agreement the "Buyer," defined as "Apparel Rack Systems," was to pay defendants $.01 in exchange for assignment of defendants' rights to right, title, and interest in a trolley system located on the premises of defendants' facility in Houston, Texas. Mot., Ex. B (Equipment Sale Agreement) ¶ 5. Plaintiff was injured while on defendants' premises for purposes of removing this trolley system.[2]

---

[2] Plaintiff contends that he was not injured while removing the trolley system. Rather, according to plaintiff, he was inspecting another building on the premises of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | PETER VESCIO; ET AL. v. FEDERATED DEPARTMENT STORES, INC.; ET AL. | | |

In the Equipment Sale Agreement, the parties agreed that the

> Buyer . . . shall indemnify, defend and hold FL&O, its affiliated companies (including but not limited to Federated Department Services, Inc.) and each of their respective officers, directors, employees, agents, insurers, successors and assigns harmless from and against any and all liabilities, claims, actions, demands, damages, judgments, losses, settlements costs and expenses (including but not limited to reasonable attorney fees, litigation and settlement costs) (each a "Claim") related to or arising in respect of Buyer's acts or omissions with respect to the Equipment and/or its removal from the Facility.

Id. ¶ 4. The agreement required the buyer

> to provide and maintain, at its sole cost and expense, for the duration of its performance pursuant to this Agreement, including but not limited to the de-installation and removal of the Equipment (for purpose hereof, included in the "Word") and for a period of not less than three (3) years after the expiration, cancellation or termination of this Agreement, the following required policies Gap" [sic] Employer's Liability Insurance when performing Work in any other State.

Id. ¶ 7.

The proposed countercomplaint and third-party complaint allege that pursuant to the aforementioned Equipment Sale Agreement, P. Vescio and Apparel Rack Systems must hold defendants harmless for P. Vescio's injuries, and indemnify defendants from the claims herein asserted. Further, the proposed counterclaims and third-party complaint allege that P. Vescio and Apparel Rack Systems breached the Equipment Sale Agreement by failing to procure liability insurance. Defendants assert that they did not file their countercomplaint and third-party complaint earlier because they only

---

defendants' facility, located at 2103 Ernestine St., Houston, Texas, when he fell through a hole in a second-story catwalk that defendants designed and manufactured.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | PETER VESCIO; ET AL. v. FEDERATED DEPARTMENT STORES, INC.; ET AL. | | |

became aware of P. Vescio's and Apparel Rack Systems' refusal to indemnify them on or about May 20, 2008. Declaration of Clifford A. Clancey in Supp. of Mot. for Leave ¶ 16. Defendants maintain that it is also on this day that they "first received information suggesting that counter-defendant and third party defendants materially breached the agreement to procure insurance" on behalf of defendants. Id.

The Court concludes that defendants have not unduly delayed in bringing this motion because (1) defendants did not know of P. Vescio's and Apparel Rack Systems' refusal to indemnify them, or of P. Vescio's and Apparel Rack Systems' failure to obtain liability insurance on their behalf, until May 20, 2008; (2) the discovery cut-off date is not until November 3, 2008; (3) trial is scheduled for February 10, 2009; and (4) defendants filed the instant motion for leave one day before the cut-off date to amend pleadings and/or add parties. For these same reasons, the Court finds that neither plaintiffs nor Apparel Rack Systems will be unduly prejudiced if defendants' motion is granted. In light of defendants' representation that they could not have brought this motion prior to May 20, 2008, and the Equipment Sale Agreement attached to their instant motion, it does not appear that defendants are acting in bad faith. Moreover, the Court cannot conclude at this juncture that defendants' proposed amendments are futile. Plaintiffs' arguments to the contrary are more properly addressed by a motion to dismiss.

Finally, the third-party complaint is derivatively based on the original complaint, and allowing it to be filed will likely promote judicial efficiency.

Based on the foregoing, the Court finds that leave to file a countercomplaint and third-party complaint is appropriate.

//
//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | PETER VESCIO; ET AL. v. FEDERATED DEPARTMENT STORES, INC.; ET AL. | | |

## IV.  CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion for leave to file a countercomplaint and third-party complaint.

IT IS SO ORDERED.

|  | : | 04 |
|---|---|---|
| Initials of Preparer | PS | |