UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | June 15, 2009 |
|----------|----------------------|------|---------------|
| Title | Peter Vescio and Jane Vescio v. Federated Department Stores, Inc., et al. |

| Present: The Honorable | CHRISTINA A. SNYDER |
|------------------------|---------------------|

| Catherine Jeang | Laura Elias | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Lars Johnson | Sevan Gobel |
| | Attorneys Present for Counterdefendants: |
| | Bert Anthony |
| | Philip Vineyard, II |

**Proceedings:**     **DEFENDANTS MACY'S INC. AND MACY'S LOGISTICS
AND OPERATIONS MOTION FOR DETERMINATION OF
GOOD FAITH SETTLEMENT** (filed 5/12/09)

**THIRD-PARTY DEFENDANTS CHARLENE LAYTON'S
AND LAYTON INSURANCE AGENCY'S MOTION FOR AN
ORDER DETERMINING GOOD FAITH IN SETTLEMENT**
(filed 5/12/09)

## I.     INTRODUCTION AND BACKGROUND

On September 28, 2007, plaintiffs Peter Vescio ("Vescio") and Jane Vescio
(collectively, the "Vescio plaintiffs") filed a complaint in the Los Angeles County
Superior Court against defendants Federated Department Stores, Inc.; Federated
Corporate Services, Inc.; Federated Logistics and Operations; and Does 1 through 100,
inclusive (collectively, "Macy's").[1]  On November 26, 2007, Macy's removed the instant

---

[1] While the complaint names Federated Department Stores, Inc.; Federated
Corporate Services, Inc; and Federated Logistics and Operations as defendants, these
corporate entities are presently known as Macy's, Inc.; Macy's Corporate Services, Inc.;
and Macy's Logistics and Corporate Services, Inc., a division of Macy's Corporate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | Peter Vescio and Jane Vescio v. Federated Department Stores, Inc., et al. | | |

action to this Court.

The Vescio plaintiffs allege that Vescio is a partner/owner of Apparel Rack Systems ("Apparel"). The Vescio plaintiffs allege that, in February 2007, Vescio, acting on behalf of Apparel, entered into a contract (the "equipment agreement") with Macy's, wherein Apparel agreed to remove equipment from a Macy's facility in Houston, Texas. Macy's agreed that Apparel would own any equipment removed by Apparel.

The Vescio plaintiffs allege that on or about March 13, 2007, Vescio was injured on the premises of the Macy's facility when he fell through a hole in a second-story catwalk that Macy's designed and manufactured. Compl. ¶¶ 5, 7, 10, 22. The Vescio plaintiffs allege that the catwalk was defective and unsafe in manufacture and design and that these defects caused Vescio's injuries. Compl. ¶¶ 7, 8, 10. Vescio alleges claims against Macy's for (1) strict products liability, (2) strict premises liability, and (3) negligence. Jane Vescio, Vescio's wife, alleges a claim against Macy's for loss of consortium.

On July 14, 2008, Macy's filed a third party complaint against Apparel, John W. Perkins ("Perkins"), and Does 1-10. Macy's alleges that Perkins is Vescio's partner and co-owner of Apparel. Compl. ¶ 6. Macy's alleges that Apparel, Perkins, and Does 1-10 expressly agreed to indemnify, defend, hold harmless, and release Macy's regarding any incidents arising from the equipment removal from the facility. Third Party Compl. ¶ 26. Macy's further alleges that Apparel, Perkins, and Does 1-10 violated the equipment agreement by failing to procure insurance naming Macy's as an additional insured. Third Party Compl. ¶ 26. Macy's alleges claims for (1) express indemnity; (2) implied indemnity; (3) apportionment of fault and contribution; (4) declaratory relief; and (5) breach of contract.

On July 16, 2008, Macy's filed a counterclaim against Vescio, individually and dba Apparel, alleging that, in the equipment agreement between Vescio and Macy's, Vescio agreed to indemnify, defend, and hold harmless Macy's regarding any incident arising from the equipment removal from the facility. Counterclaim ¶ 22. Macy's alleges that Vescio failed to name Macy's as an additional insured on Apparel's insurance

_____

Services, Inc., respectively. Notice of Removal ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | Peter Vescio and Jane Vescio v. Federated Department Stores, Inc., et al. | | |

policies, in breach of the equipment agreement.  Counterclaim ¶¶ 14-15, 41.  Macy's alleges claims for (1) express indemnity; (2) implied indemnity; (3) apportionment of fault and contribution; (4) declaratory relief; and (5) breach of contract.

On August 7, 2008, Vescio filed a third party complaint against third-party defendants Charlene Layton, individually and dba Layton Insurance Agency, and Layton Insurance Agency (collectively, "Layton") and Colony Insurance Company, Colony National Insurance Company, Colony Speciality Insurance Agency, and Colony Group (collectively, "Colony").  In his third party complaint, Vescio alleges that, prior to entering into the equipment agreement with Macy's, Apparel obtained commercial general liability insurance coverage from Colony through "insurance broker/agent" Layton.  Vescio Third Party Compl. ¶ 11-12.  Vescio alleges that, after he received the proposed equipment agreement from Macy's, Vescio contacted Layton and requested that Macy's be added as an additional insured under Apparel's commercial general liability insurance policy with Colony.  Vescio Third Party Compl. ¶ 12.  Vescio alleges that Layton, acting as an agent of Colony, represented to him that such additional coverage had been issued by Colony.  Vescio Third Party Compl. ¶ 12.  Vescio alleges that Layton also issued a certificate of liability insurance confirming that Macy's had been added as an additional insured.  Vescio Third Party Compl. ¶ 12, Ex. B.  Vescio alleges that, in June 2008, after Macy's filed its counterclaim, Vescio learned that in fact no such additional coverage for Macy's had been issued.  Vescio Third Party Compl. ¶ 26-27.  Vescio's third party complaint asserts claims against both Layton and Colony for (1) breach of oral contract; (2) negligent failure to obtain insurance coverage; (3) negligent misrepresentation; (4) fraud; and (5) declaratory relief.  In addition, the third party complaint asserts claims against Layton for breach of fiduciary duty, and against Colony for (1) reformation and (2) breach of implied covenant of good faith and fair dealing.

On December 30, 2008, Perkins filed a counterclaim against Vescio, Layton, and Does 1-10.  Perkins alleges that he instructed Vescio to confirm in writing that Layton had included Macy's as an additional insured under Apparel's general liability insurance policy, but that Vescio failed to do so.  Counterclaim ¶ 25.  Perkins alleges claims for (1) equitable indemnification (against Vescio); and (2) declaratory relief (against Vescio and Layton).   Under both causes of action, Perkins seeks attorney's fees and costs.

On February 23, 2009, the Court granted summary judgment in favor of third party defendants Colony.  Colony is therefore no longer a party to this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | Peter Vescio and Jane Vescio v. Federated Department Stores, Inc., et al. | | |

On May 12, 2009, Macy's filed the instant motion for determination of good faith settlement. Also on May 12, 2009, Layton filed the instant motion for an order determining good faith settlement. Perkins filed oppositions thereto on May 18, 2009. Macy's filed a reply on May 21, 2009. Layton filed a reply on May 22, 2009. Perkins filed a sur-reply to Macy's reply on May 22, 2009. A hearing was held on June 15, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

In determining whether a settlement was entered into in good faith for the purposes of Cal. Code Civ. P. § 877.6, courts are to consider several factors, including "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial." Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 499 (1985). Other relevant considerations include "the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." Id.

## III. DISCUSSION

### A. The Settlements

Under the terms of the proposed settlement, the Vescio plaintiffs agree to accept $125,000 from Macy's in full and final settlement of their claims and to dismiss their action against Macy's. Mot. at 5. Of the $125,000, Vescio would receive $100,000 and Jane Vescio would receive $25,000. Furthermore, under the terms of the proposed settlement, Layton would pay Vescio $50,000, which would extinguish the claims and causes of action raised by Vescio as against Layton.

Pursuant to the proposed settlement, Macy's, Vescio, and Layton agree to waive and release any claim that they had or might have had against another settling party in this matter. The settling parties furthermore agree to waive the benefits of Cal. Civ. Code § 1542, which provides that a "general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

◯

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | June 15, 2009 |
| --- | --- | --- | --- |
| Title | Peter Vescio and Jane Vescio v. Federated Department Stores, Inc., et al. | | |

release, which if known by him or her must have materially affected his or her settlement with the debtor." However, the settlement provides that nothing in the settlement may be construed "to extinguish any claim or counter-claim Vescio or Layton might have against Counter-Defendants and Counter-Claimants John W. Perkins and Apparel Rack Systems."

### B.    Macy's Motion

Macy's argues that it is not liable for plaintiff's claimed injuries and damages. Mot. at 3. Macy's argues that at trial, Macy's would prove that Vescio was not given, nor did he obtain, permission to enter into the area of the Macy's facility where his injury occurred. Mot. at 3. Therefore, Macy's argues, the accident was solely the result of Vescio' negligence and project with Macy's. Mot. at 4.

Macy's further argues that at trial it would show that Vescio failed to obtain commercial general liability insurance which named Macy's as an additional insured, in contravention of the equipment agreement, and that, therefore, Macy's has viable grounds to seek indemnification from Apparel. Mot. at 4.

Macy's argues that it expects to prove that Vescio's claim for medical expenses is about $52,210.56 and that, although Vescio alleges a claim for $100,000 in lost earnings in this action, Macy's will show that Vescio does not have any documentation to support this claim and that it is based upon speculation of obtaining a second project with Macy's. Mot. at 4. Macy's also states that it plans to show that Jane Vescio's loss of consortium claim is minimal, because Jane Vescio admitted during deposition that the love, moral support, comfort, companionship and affection that her husband shows her has not changed since the incident, and that it will show that Jane Vescio's loss of earnings claim is minimal. Mot. at 5. Therefore, Macy's argues, its proposed settlement is within the reasonable range of its proportionate liability in this action.

Perkins opposes Macy's motion, arguing that "MACY's proposed settlement only addresses VESCIO's personal injury case and not MACY's breach of contract cross-complaint [against Perkins and Apparel]." Mot. at 4. Specifically, Perkins argues that "[t]here is no mention in MACY'S motion for any resolution regarding the claims in its third party complaint which leaves PERKINS and APPAREL RACK SYSTEMS to fend for themselves in their own claims for equitable indemnification and no determination of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | Peter Vescio and Jane Vescio v. Federated Department Stores, Inc., et al. | | |

the settlement value of the breach of contract cause of action brought surreptitiously by MACY'S against VESCIO as a partner in APPAREL RACK SYSTEMS." Mot. at 4. Perkins argues that the settlement would prevent

> Perkins from having his day in this Court to affirmatively defend himself [against Macy's third-party complaint] and, if successful, recover costs and possibly attorney's fees. Dismissing him from the lawsuit also forecloses him from recovering his damages against other parties and forces him to continue litigation against his former partner and insurance company in yet another lawsuit to recover his damages.

Opp'n at 2.

Therefore, Perkins requests that Macy's motion for determination of good faith settlement be denied, or, in the alternative, to "include PERKINS in the settlement and/or apportion an amount to settle the breach of contract claims." Opp'n at 7.

Macy's replies by stating that Perkins has not met his burden of demonstrating that the settlement was not made in good faith.

First, Macy's argues that Perkins is incorrect in stating that Macy's retains a breach of contract claim against Perkins. Macy's argues that on April 27, 2009, Macy's reached an agreement with Perkins to dismiss Macy's claims against Perkins in exchange for waiver of costs. Reply at 3. Furthermore, Macy's notes that Perkins does not have any pending claims against Macy's. Therefore, Macy's argues, any remaining disagreement between Vescio, Perkins, and Layton regarding whether the appropriate insurance was requested and obtained has no bearing on whether the settlement between Macy's and Vescio was entered into in good faith. Reply at 3. Macy's argues that Perkins "erroneous and conclusory 'argument'" that Macy's has potential exposure to Perkins for costs and possible attorneys' fees in defending Macy's third-party complaint, and that Vescio and Layton have exposure to Perkins, is not sufficient to support a finding that the settlement was not in good faith. Reply at 4.

Macy's argues that the Court should discharge Macy's from all liability for any contribution to any other party. Macy's requests, therefore, that the Court find that the settlement was made in good faith and issue an order barring any cross-complaint against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | Peter Vescio and Jane Vescio v. Federated Department Stores, Inc., et al. | | |

Macy's for equitable indemnity, implied indemnity, or partial or comparative indemnity.

In response to Macy's reply, Perkins' attorney, Bert V. Anthony, filed a declaration, in which he states that he never agreed to Macy's proposal that Macy's release Perkins from further liability in exchange for waiver of costs.[2]  Anthony Decl. ¶ 5.

## C.    Layton's Settlement

Layton argues that the proposed settlement between Layton and Vescio is within a reasonable range of Layton's potential liability in this action.  Mot. at 5.  Layton argues that the evidence demonstrates that Vescio never asked Layton to add Macy's as an "additional insured" under Apparel's policy, but instead requested that Layton issue a certificate of insurance.  Mot. at 3, citing Vescio Dep 2/26/09 68:22-25 (in which Vescio states that it was his understanding that a certificate of liability insurance is the same as an additional insured); Vescio Dep. 2/26/09:19-23 (in which Vescio admits that it is possible that when he called Layton's employee, he may have requested a "certificate of insurance" when he meant additional insured).  Furthermore, Layton argues that because Apparel's liability policy excludes coverage for expenses for bodily injury to any insured, Macy's could never have been afforded coverage under the general liability policy, regardless of whether Macy's had been added as an additional insured.  Mot. at 7, citing Declaration of Philip E. Vineyard, Ex. E (Apparel Policy) ("Exclusions . . . We will not pay expenses for 'bodily injury'").

Furthermore, Layton argues that because Macy's has agreed to waive all claims it has against Perkins and Apparel, Perkins and Apparel can necessarily owe no legal obligation to Macy's, and therefore, they are not entitled to equitable indemnity from Layton.  Mot. at 7-8.  Layton further argues that Perkins himself never communicated with Layton about an additional insured endorsement for Macy's, and therefore Layton never owed Perkins any duty.  Mot. at 8, citing Dep. of Maria E. Hernandez, 12/9/08 (Layton employee confirming that she never spoke to Perkins about Macy's being added

---

[2] Anthony states that in response to Macy's offer, he replied "[t]ongue in cheek . . . 'yeah, right.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | Peter Vescio and Jane Vescio v. Federated Department Stores, Inc., et al. | | |

as an additional insured).[3]

Perkins, however, argues that "LAYTON's settlement effectively forecloses PERKINS from having this Court make a finding and a judgment declaring the rights, duties and obligation of VESCIO and LAYTON vis-a-vis himself and, if successful, recover costs and possibly attorney's fees from them." Opp'n at 2. Perkins argues that "[t]here is no mention anywhere in LAYTON's Motion of any resolution regarding the claims in its third party complaint which leaves PERKINS and APPAREL RACK SYSTEMS to fend for themselves in their own claims for equitable indemnification and declaratory relief and no determination of the alleged settlement value of the breach of contract cause of action brought surreptitiously by VESCIO as a partner in APPAREL RACK SYSTEMS in this action for personal injury." Opp'n at 5. In fact, Perkins' attorney also states that Layton's counsel represented to him that the settlement "was for VESCIO's personal injury claim even though the allegations in this action were for breach of contract . . ." Anthony Decl. ¶8.

Perkins further argues that a settlement "would necessarily cause PERKINS to engage in further legal efforts to still pursue his remedies as against these parties to the instant litigation and forces him to continue litigating against his former partner VESCIO and insurance company LAYTON in yet another lawsuit to recover his damages." Mot. at 3. Perkins also appears to argue that some of the proposed settlement should go to him, given that "it was the partnership that paid for LAYTON's ill-gotten services and not VESCIO . . ." Opp'n at 5.

Layton replies that, in his opposition, Perkins does not meet his burden to demonstrate that the "settlement is so far 'out of the ballpark' as to be inconsistent with the equitable goals of section 877.6." Mot. at 2, quoting Long Beach Memorial Medical Center v. Superior Court, 172 Cal.App.4th 865, 873 (2009). Furthermore, Layton argues that Perkins has failed to show collusion among the settling parties which would negate a

---

[3] Furthermore, Layton argues that Apparel is a dissolved partnership with no standing to assert causes of action against Layton, Macy's, or Vescio. Mot. at 8; Reply at 3, citing O'Flaherty v. Belgum, 115 Cal.App.4th 1044, 1062 (2004) ("In the absence of a specific order to the contrary, a receiver appointed for a dissolved partnership has the sole authority to commence an action on behalf of a dissolved partnership").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7653 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | Peter Vescio and Jane Vescio v. Federated Department Stores, Inc., et al. | | |

finding of good faith.

Furthermore, Layton argues that to be eligible for indemnity or contribution, Perkins and Apparel must owe a legal obligation to a third party for which "a joint, at-fault obligor should in equity be forced to pay, whether in part or in full."  Reply at 3, citing <u>Expressions at Rancho Niguel Ass'n v. Ahmanson Developments, Inc.</u>, 86 Cal.App.4th 1135, 1139-40 (2001) ("[t]he right to indemnity flows from payment of a joint legal obligation on another's behalf").  Layton argues that such an obligation does not exist because Macy's has waived its claims against Perkins and Apparel, and because Layton owed no duty to Perkins upon which he can receive declaratory relief or damages. Reply at 3.

In addition, Layton argues that Perkins' claim that the settling parties are leaving unaddressed Vescio's breach of contract claim is incorrect.  Layton notes that the Joint Notice of Settlement filed with the Court provides that

[e]ach settling party hereby and forever waives and releases any and all claims and/or causes of action, whether in equity, tort, or contract (oral, express, implied in law, or implied in fact) or under any statute of law, that it might have had against any other settling party in the above-captioned matter.

**IV.    CONCLUSION**

The Court determines that the settlement agreements between Macy's and Vescio and between Layton and Vescio were entered into in good faith.  Macy's and Layton have both adequately demonstrated that the settlements are within the ballpark of their approximate proportionate liability in this action, and there is no evidence of fraud or collusion or any other factor that would prevent a finding of good faith.  <u>See</u> <u>Long Beach Memorial Medical Center</u>, 172 Cal.App.4th at 873.  Therefore, the Court finds approval of these settlements to be warranted.

However, nothing in this order determining good faith settlement as to Layton and Vescio shall be construed to prevent Perkins from pursuing his counterclaim for equitable indemnification and declaratory relief against Vescio and Layton. Cal. Code Civ. P. § 877 "discharge[s] the [settling] party from all liability for any contribution to any other parties" where the settling party is one of "a number of tortfeasors claimed to be liable for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   ○

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-7653 CAS (CTx) | Date | June 15, 2009 |
|----------|----------------------|------|----------------|
| Title | Peter Vescio and Jane Vescio v. Federated Department Stores, Inc., et al. | | |

the same tort" or one of "one or more other co-obligors mutually subject to contribution rights." For the purposes of his counterclaim, Perkins is a plaintiff, not a joint tortfeasor or a co-obligor with Layton. Therefore, the settlement between Vescio and Layton will have no impact on Perkins' ability to pursue his claims against Vescio and Layton.

Furthermore, Macy's request that the Court "issue an order barring any cross-complaint against Macy's for equitable indemnity, implied indemnity, or partial or comparative indemnity" is unwarranted insofar as it would apply to Perkins. Perkins is not a joint tortfeasor or a co-obligor with Macy's in this action. Therefore, nothing in Cal. Code Civ. P. § 877 affects the rights of Perkins to pursue an action against Macy's.

IT IS SO ORDERED.

|     | 00 | : | 05 |
|-----|-----|-----|-----|
| Initials of Preparer | | CMJ | |